UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WELLS FARGO BANK, NA,

    *Plaintiff*,                                 CASE NO. 13-CV-12959

v.                                            DISTRICT JUDGE THOMAS LUDINGTON
                                                 MAGISTRATE JUDGE CHARLES BINDER

WILLIAM STEPHEN TOTH,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **REMANDED** to state court.

**II.    REPORT**

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general case management on July 15, 2013. (Doc. 2.)

On July 9, 2013, Defendant William Stephen Toth, who is proceeding *pro se*, filed a 32-page document entitled "Notice of Removal of a Civil Case." (Doc. 1.) Defendant Toth paid the filing fee in full. The document filed by Defendant Toth states that he wishes to remove to this Court a case originally filed in Michigan's 89th District Court, which is located in Presque Isle County. (Doc. 1 at 1.)

Federal law provides that

> [a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing **a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action**.

28 U.S.C. § 1446(a) (emphasis added).

Defendant Toth failed to attach to the notice of removal any of the required state court documents. Most importantly, Defendant Toth did not attach a copy of the original state court pleading, i.e., the complaint. In addition, the 32-page document filed by Defendant Toth consists mostly of factual and legal arguments in his defense. These do not belong in a notice of removal. As the law quoted above states, the notice of removal is to consist of a "short and plain statement of the grounds for removal," accompanied by copies of the documents that have been served on Defendant in the state court action.

Because the notice of removal was defective, Defendant Toth was ordered to file an amended notice of removal that complied with the statute on or before July 27, 2013. (Doc. 3.) More than a week has passed since that deadline expired, and Defendant Toth has failed to comply with the order or to communicate with the Court in any fashion.

Accordingly, because the notice of removal was defective and Defendant Toth has failed to correct the deficiency, I suggest that the case be remanded to state court for all further proceedings.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: August 6, 2013                         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on William Stephen Toth, 7539 Elm Highway, Posen, MI, 49776-9469; and served on District Judge Ludington in the traditional manner.

Date:  August 6, 2013                    By     s/*Jean L. Broucek*
                                         Case Manager to Magistrate Judge Binder